J-A28023-19

2020 PA Super 100

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEROME LIVELY | |
| Appellant | No. 808 EDA 2018 |

Appeal from the Judgment of Sentence entered February 13, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at Nos: CP-51-CR-0002561-2017,
CP-51-CR-0002963-2017

BEFORE:    PANELLA, P.J., STABILE, J., and COLINS, J.[*]

OPINION BY STABILE, J.:                          **FILED APRIL 20, 2020**

Appellant, Jerome Lively, appeals from the judgment of sentence entered on February 13, 2018 in the Court of Common Pleas of Philadelphia County after a jury convicted him of two counts of rape of a child, two counts of unlawful contact with a minor, and various other offenses involving two of his nieces. Appellant argues the trial court erred in consolidating the separate criminal indictments relating to the two victims, in permitting introduction of videotaped interviews of the victims, and in imposing an excessive aggregate sentence of 60 to 120 years' incarceration. Upon review, we affirm.[1]

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] A single notice of appeal was filed in this case from judgments entered on two separate dockets on February 13, 2018. Because the judgments appealed

The trial court provided the following summary of the underlying facts:

> When D.M. (Complainant #1) was 7 years old, the Appellant (her uncle) forced her into the laundry room of her parents' home on North 48th Street, pulled her pants down, sat her on the edge of the washer, and began touching her genitals. When D.M. asked to leave and use the bathroom, the Appellant instructed her to urinate in his mouth. When D.M. was 8 years old, the Appellant attempted to insert his penis into her vagina while her parents were out shopping and her siblings were home. The Appellant only stopped when she began screaming from the pain. The Appellant performed oral sex and used a vibrator on D.M. multiple times when she was between 7 and 10 years of age. The Appellant would give her candy, arts and crafts, and toys, telling her: "don't say nothing," and "this is for being good." The encounters stopped when she moved out of state with her parents.
>
> D.M.'s younger sister, J.B. (Complainant #2), was 4 years old when the Appellant pulled down her pants and touched her genitals. On multiple occasions, the Appellant would penetrate J.B.'s vagina with his penis while she was sitting on his lap. On a separate occasion, the Appellant entered her bedroom and inserted his penis into her anus. The Appellant continued to sexually abuse J.B. until she was 7 years old, after she and her family had moved out of state.

Trial Court Opinion, 1/18/19, at 5-6 (footnotes with references to notes of testimony omitted, including a footnote reflecting one additional incident of abuse perpetrated against J.B. after the family moved).

---

from predated our Supreme Court's June 1, 2018 decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), separate notices of appeal were not mandated. **See Walker**, 185 A.3d at 977 (explaining that in future cases, Pa.R.A.P. 341(a) will require separate notices of appeal from a single order resolving issues on more than one docket).

On December 6, 2017, a jury found Appellant guilty of two counts of Rape of a Child (F1), two counts of Involuntary Deviate Sexual Intercourse with a Child (F1), two counts of Unlawful Contact with a Minor (F1), two counts of Aggravated Indecent Assault of a Child (F1), two counts of Endangering the Welfare of Children (F3), two counts of Indecent Assault on a Person under 13 (F3), and two counts of Corruption of Minors (M1).[2]  On February 13, 2018, with regard to his convictions involving D.M., the trial court sentenced Appellant to 25 to 50 years for rape and ten to 20 years for unlawful contact. With respect to his convictions involving J.B., the court sentenced Appellant to 20 to 40 years for rape and five to ten years for unlawful contact.  No further penalties were imposed for the remaining convictions.  All sentences were set to run consecutively, resulting in an aggregate sentence of 60 to 120 years in prison.

Appellant filed a post-sentence motion seeking reconsideration of his sentence.  The motion was denied by operation of law.  Appellant filed a timely appeal to this Court and both Appellant and the trial court complied with Pa.R.A.P. 1925.  Appellant now asks us to consider the following three issues:

1. Did the lower trial court commit reversible error by granting the motion of the Commonwealth to consolidate two separate criminal indictments [] involving two separate alleged child victims where the explosive multiple allegations of child rape, sexual assault, corruption of minors, REAP, unlawful contact with [] minors, aggravated indecent assault, unlawful restraint,

---

[2] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 6318(a)(1), 3125(b), 4304(a)(1), 3126(a)(7), and 6301(a)(1)(i), respectively.

sexual abuse of a child, endangering the welfare of a child, indecent exposure and simple assault did not inflame the passion of the jury and unduly prejudice the appellant and deny the appellant a fair and balanced jury trial?

2. Did the lower trial court commit reversible error by permitting the Commonwealth to enter into evidence the inadmissible hearsay video taped interviews of the alleged child victims, DM and JB, when both alleged victims did testify live before the jury and the inadmissible hearsay testimony of Michell[e] Kline, MSS, LCSW (the social worker from Children's [] Alliance who conducted the videotaped interviews)?

3. Did the lower trial court commit revers[i]ble error and violate the constitutional rights of the appellant when the court sentenced the appellant to a combined consecutive sentence of sixty (60) to one hundred and twenty (120) years[?]

Appellant's Brief at 2-3 (some capitalization omitted).

In his first issue, Appellant asserts trial court error for granting the Commonwealth's motion to consolidate the indictment relating to D.M. with the indictment relating to J.B. The gist of his argument is that he was prejudiced by the consolidation in light of the disturbing nature of the sexual crimes with which he was charged.

In **Commonwealth v. Knoble**, 188 A.3d 1199 (Pa. Super. 2018), this Court faced a similar challenge to consolidation and assertion of prejudice. Rejecting Knoble's claims, the Court stated, "Whether to join or sever offenses for trial is within the trial court's discretion and will not be reversed on appeal absent a manifest abuse thereof, or prejudice and clear injustice to the defendant." **Id.** at 1205 (quoting **Commonwealth v. Wholaver**, 989 A.2d 883, 898 (Pa. 2010)).

In **Knoble**, this Court looked to Pa.R.Crim.P. 582, and explained that

> distinct offenses which do not arise out of the same act or transaction may be tried together if the "evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion[ ] or the offenses charged are based on the same act or transaction."

**Knoble**, 188 A.3d at 1205 (quoting Pa.R.Crim.P. 582(A)(1)(a)-(b)). "If the trial court finds that the evidence is admissible and the jury can separate the charges, the court must also consider whether consolidation would unduly prejudice the defendant." **Id.** (citing **Commonwealth v. Thomas**, 879 A.2d 246, 260 (Pa. Super. 2005)). Further,

> [w]hile evidence of other criminal behavior is not admissible to demonstrate a defendant's propensity to commit crimes, it may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity[,] or absence of mistake or accident so long as the probative value of the evidence outweighs its prejudicial effect."

**Id.** (quoting **Commonwealth v. Smith**, 47 A.3d 862, 867 (Pa. Super. 2012) (citing Pa.R.E. 404(b)(2),(3)).

The trial court in the instant case concluded the indictments were properly consolidated.

> In the case at bar, evidence from each case would be admissible at trial for the other because it would tend to prove the Appellant's "common design" to abuse his nieces. The evidence from each case was also sufficiently similar to warrant consolidation. The Complainants in this case were both female, under the age of ten, nieces of the Appellant, and living in the same household on North 48th Street in Philadelphia. Moreover, the Appellant began his abusive relationship with both Complainants by taking them to secluded rooms in the house on 48th Street, pulling down their pants and touching their genitals. He also used candy and toys in

- 5 -

both cases to groom the children over a period of years. Finally both Complainants disclosed the abuse to their mother in the same week, and their abuse only ceased when their parents moved them out of the state. Given the similarities between both cases, evidence of each offense would have been admissible in a separate trial for the other to prove "common plan and scheme." Hence, the first prong of the test for consolidation was met.

While these similarities were sufficient to consolidate both matters, each offense was also distinct enough to be capable of separation by the jury so that there was no confusion. Despite being sisters and living in the same house, each Complainant had different first and last names. The Complainants also had a four year age difference. Though a 4-year age difference may seem insignificant, it is a large enough difference between children. Furthermore, the evidence for both cases was not so overly technical or complex to confuse the jury. Therefore, the second prong of [the] consolidation test was met.

The third prong of the test is whether the danger of prejudice to the Appellant outweighed the benefit of consolidation. [**Commonwealth v. Newman**, 598 A.2d 275, 279 (Pa. 1991)]. The Appellant claims that he was prejudiced because the two consolidated matters prevented him from defending against D.M.'s allegations.

. . .

However, the court's decision to consolidate D.M.'s and J.B.'s cases had minimum impact or prejudice on the Appellant's attorney's defense strategy [because the Rape Shield Law would have precluded evidence about D.M.'s past sexual conduct and because the trial court had already precluded testimony about the assault of D.M.'s brother by his father.] Therefore, Appellant was not entitled to separate trials merely because consolidation prevented him from referencing a victim's alleged unrelated sexual behavior or history with others.

Trial Court Opinion, 1/18/19, at 9-11 (footnotes omitted).

We find no abuse of discretion in the trial court's decision to consolidate the indictments in this case. As reflected in Pa.R.Crim.P. 582, and as

illustrated in **Knoble, Smith,** and **Newman**, consolidation was appropriate in the instant case because the evidence of each of the offenses relating to one victim would be admissible in a separate trial for the other and was capable of separation by the jury so as to eliminate confusion. Further, in this case, the evidence tended to prove Appellant's common design or plan in the actions taken against his nieces and the probative value of the evidence outweighed its prejudicial effect. Appellant's first issue fails for lack of merit.

Appellant next contends the trial court committed reversible error in permitting introduction of videotaped interviews with Appellant's victims that were conducted by the Philadelphia Children's Alliance (PCA). As a challenge to the admission of evidence, we review Appellant's claims for abuse of discretion. **Commonwealth v. Bond**, 190 A.3d 664, 667 (Pa. Super. 2018).[3] As indicated in **Bond**, our standard of review is very narrow. "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." **Id.** (quoting **Commonwealth v. Lopez**, 57 A.3d 74, 81 (Pa. Super. 2012), *appeal denied*, 62 A.3d 379 (Pa. 2013)).

---

[3] **Bond**, which involved a similar challenge to the trial court's admission of a forensic interview conducted by the PCA, was decided approximately seven months after the trial in this case but prior to the trial court's issuance of an addendum to its Rule 1925(a) opinion in which the court addressed this Court's ruling in **Bond**. **See** Addendum Opinion, 3/4/19, at 2-5.

As in **Bond**, the trial court here admitted videotaped interviews as prior consistent statements under Pa.R.E. 613(c), which provides:

> **(c) Witness's Prior Consistent Statement to Rehabilitate.**
> Evidence of a witness's prior consistent statement is admissible to rehabilitate the witness's credibility if the opposing party is given an opportunity to cross-examine the witness about the statement and the statement is offered to rebut an express or implied charge of:
>> (1) fabrication, bias, improper influence or motive, or faulty memory and the statement was made before that which has been charged existed or arose; **or**
>> (2) having made a prior inconsistent statement, which the witness has denied or explained, and the consistent statement supports the witness's denial or explanation.

Pa.R.Crim.P. 613(c) (emphasis added).

Relying on **Bond**, Appellant argues that we should find the trial court erred by permitting introduction of the videotaped interviews. In **Bond**, we determined the trial court erred in light of Rule 613(c)(1), because "[p]ut simply, Child's statements in the Interview Video were not 'made before' the alleged fabrication, as Rule 613(c)(1) expressly requires. Moreover, this case does not involve a lapse in memory, another basis for admitting a prior consistent statement under Rule 613(c)(1)." **Bond**, 190 A.3d at 170. We also rejected the Commonwealth's assertion "that the trial court's ruling is salvageable under Rule 613(c)(2)[.]" **Id.** As we observed, with respect to Rule 613(c)(2), the "Commonwealth fail[ed] to cite any place in the record where Child denied having made a prior inconsistent statement or explained the inconsistencies in her testimony." **Id.**

While we do not disagree with Appellant's argument insofar as Rule 613(c)(1) is concerned, we note Appellant has failed to discuss the applicability of Rule 613(c)(2). As the Commonwealth notes:

> [T]he forensic interviews at issue in **Bond** were not admissible under PA.R.E. 613(c)(2), because there was no place in the record where the child "denied having made a prior inconsistent statement or explained the inconsistencies in her testimony." **Bond**, 190 A.3d at 670. In contrast, here, D.M. first denied that [Appellant] had touched her before revealing what happened. The videotaped forensic interview setting forth [Appellant's] conduct thereby rehabilitated her testimony under Pa.R.E. 613(c)(2). It also supported D.M.'s explanation for why she chose January 2017 to reveal to her mother the sexual assaults committed by [Appellant], after she had been impeached with what [Appellant] described as the "cell phone incident." Similarly, J.B. had denied that [Appellant] had inappropriately touched her. In addition, [Appellant's] own theory was that J.B. revealed [Appellant's] misconduct with her out of feelings of guilt for having reported her sister's supposed cell phone use to their mother. That the videos supported the victim's trial testimony served to rehabilitate that testimony where they had at one time denied the allegations. The interviews were therefore consistent with, and admissible to rehabilitate, their trial explanations for why each revealed the sexual assaults as she did. Accordingly, the videos of the forensic interviews were admissible under Pa.R.E. 613(c)(2), as applied in **Bond**.

Commonwealth Brief at 31-32 (footnote and references to notes of testimony omitted). As the trial court stated, "Given that the Appellant tried to demonstrate that the Complainants had fabricated their stories, the Commonwealth properly presented the forensic interview video as prior consistent statements to rehabilitate their credibility." Trial Court Opinion, 1/18/19, at 30. We find no abuse of discretion in the trial court's

determination that the videotaped interviews were properly admitted under Rule 613(c)(2).

Even if admissibility constituted an abuse of discretion, Appellant must demonstrate that he was prejudiced as a result of the admission of the interviews. *Bond*, 190 A.3d at 667. Here, the trial court contends that any error in admitting the video was harmless error and Appellant's claim should fail, just as it did in *Bond*. Addendum Opinion, 3/4/19 at 2. The court reasoned:

> The harmless error doctrine "reflects the reality that the accused is entitled to a fair trial, not a perfect trial." *Commonwealth v. Reese*, 31 A.3d 708, 719 (Pa. Super. 2011) (quoting *Commonwealth v. West*, 834 A.2d 625, 634 (Pa. Super. 2003). Error is harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict. *Commonwealth v. Mitchell*, 839 A.2d 202, 214 (Pa. 2003). In *Bond*, the Court noted that the Pennsylvania Supreme Court has found a lack of prejudice where defense counsel has "meticulously cross examined" the witness with evidence of motive to lie and where there is other "overwhelming" evidence of the defendant's guilt. *Bond*, 190 A.3d at 671 (citing *Commonwealth v. Busanet*, 54 A.3d 35, 65-67 (Pa. 2012)). The Superior Court found that the defense counsel cross-examined the victim extensively and brought out testimony that the appellant had penetrated the victim. *Id.* at 671-72. Since counsel cross-examined the victim on the pertinent portions of the interview, the Court held that the video itself was cumulative, and therefore harmless. *Id.* at 673 (citing *Commonwealth v. Allshouse*, 36 A.3d 163, 182 (Pa. 2012) (concluding that erroneous admission of cumulative evidence was harmless)).

*Id.* at 3-4.

Although the trial court argues it did not commit error by permitting presentation of the video interviews as prior consistent statements rebutting

Appellant's claim of fabrication, it suggests that any error in its ruling constitutes harmless error, as was the case in **Bond**. **Id.** at 4. "The main reason is that defense counsel cross-examined both victims extensively regarding their motive to lie." **Id.** "Moreover, counsel cross-examined D.M. about the specific acts that she alleged the Appellant did to her" and "extensively cross-examined the social worker who conducted the interview. Furthermore, there was an overwhelming amount of testimony from both Complainants about the Appellant's sexual offenses committed against them." **Id.** at 4-5.[4] As such, the admission of the video "was merely cumulative, and therefore harmless under **Bond**." **Id.** at 5.

Additionally, as the Commonwealth argues, while Appellant contends the videotaped interviews were "inflammatory," Appellant's Brief at 9, he did not explain how the admitted prior consistent statements either augmented or bolstered the victims' credibility. Commonwealth Brief at 33 (citing **Bond**, 190 A.3d at 673). Rather, he simply asserted that he was denied a fair trial by virtue of the Commonwealth's "Unconstitutional Trial Tactic." Appellant's Brief at 9-10.

_____

[4] We note that the trial court offered Appellant's counsel the opportunity to call either victim back to the stand after the videotaped interviews were shown to the jury "to explore some of the information that may have been brought out [in the videotaped interview] that wasn't covered on direct by the Commonwealth relating to either victim" to avoid the assertion of "any confrontational issues" on appeal. N.T. Trial, 11/30/17, at 163-64. Counsel did not recall either victim.

Under the facts of this case, we conclude the use of the videotaped interviews was proper under Rule 613(c)(2). However, even if it were considered error on the part of the trial court, Appellant has failed to demonstrate how the error was anything but harmless.

As part of his second issue, Appellant also contends the trial court abused its discretion by permitting "the inadmissible hearsay testimony of Michell[e] Kline," the social worker from PCA who conducted the videotaped interviews. Appellant's Brief at 2-3. Essentially, without citation to the record, Appellant contends that Ms. Kline bolstered the "hearsay testimony" from the interviews with her "additional hearsay" testimony that she presented as "a de facto Expert Witness." Appellant's Brief at 9. However, as the trial court recognized, "**the Commonwealth did not present Ms. Kline as an expert witness.** After presenting Ms. Kline's background information, the Commonwealth never offered her testimony as expert opinion." Trial Court Opinion, 1/18/19, at 31 (emphasis in original). Further, as the Commonwealth observes, "On direct, Ms. [Kline] testified to the actions she took and persons she spoke to, and authenticated the videos of the prior consistent statements, none of which testimony was hearsay. She could testify to all of her actions whether or not the videos were admitted as prior consistent statements." Commonwealth Brief at 35 (citing *Commonwealth v. Weiss*, 81 A.3d 767, 803 (Pa. 2013) (footnote and references to notes of testimony omitted)). We find no merit to Appellant's assertions regarding the

testimony of Ms. Kline. Appellant's second issue does not afford him any basis for relief.

In his third issue, Appellant argues that the trial court imposed an excessive sentence. As such, Appellant presents a challenge to the discretionary aspects of his sentence. As this Court has explained:

> Our standard of review in assessing whether a trial court has erred in fashioning a sentence is well settled. "[T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion." **Commonwealth v. Provenzano**, [] 50 A.3d 148, 154 (Pa. Super. 2012) (quoting **Commonwealth v. Walls**, 592 Pa. 557, 926 A.2d 957, 961 (Pa. 2007)).

**Commonwealth v. Bullock**, 170 A.3d 1109, 1126 (Pa. Super. 2017). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

In accordance with Pa.R.A.P. 2119(f),

> An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence.

Despite the rule's mandate, Appellant has failed to include a Rule 2119(f) statement in his brief. "If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is

- 13 -

waived and this Court may not review the claim." **Commonwealth v. Karns**, 50 A.3d 158, 166 (Pa. Super. 2012), *appeal denied,* 619 Pa. 721, 65 A.3d 413 (2013) (citation omitted). Because the Commonwealth has objected to Appellant's failure to include a Rule 2119(f) statement, **see** Commonwealth Brief at 38, we may not review the claim. Appellant's sentencing claim fails.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/20/20