J-S16004-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MILTON ALEXANDER LOPEZ-MELARA | : | |
| | : | |
| Appellant | : | No. 1310 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 6, 2021
In the Court of Common Pleas of Juniata County
Criminal Division at No(s): CP-34-CR-0000143-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MILTON ALEXANDER LOPEZ-MELARA | : | |
| | : | |
| Appellant | : | No. 1311 MDA 2021 |

Appeal from the Judgment of Sentence Entered July 6, 2021
In the Court of Common Pleas of Juniata County
Criminal Division at No(s): CP-34-CR-0000150-2019

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:          **FILED: JULY 20, 2022**

Milton Lopez-Melara appeals from the judgment of sentence entered following his convictions under CP-34-CR-0000143-2019 and CP-34-CR-

---

[*] Retired Senior Judge assigned to the Superior Court.

0000150-2019.[1] Two siblings alleged that Lopez-Melara habitually raped and sexually assaulted them over the course of about ten years. He was a trusted family member who was welcome in the family home and was there frequently when he lived in Pennsylvania and later, after he moved to Virginia, came for visits. The two siblings did not know of each other's allegations until the younger of the two reported the incidents to a school counselor. When the counselor brought the information to the family, the older sibling reported that Lopez-Melara had victimized her for approximately ten years. These allegations resulted in charges under two dockets for crimes ranging from rape of a child to corruption of minors. The matters were consolidated pre-trial and a jury subsequently convicted Lopez-Melara of crimes relating to his assaults on each child.

On appeal, Lopez-Melara raises two issues. First, he claims that the trial court abused its discretion by granting the Commonwealth's motion to consolidate the two cases for trial. Next, he claims that the trial court erred by denying his post-sentence motion averring that the verdict was against the weight of the evidence.

---

[1] The notice of appeal incorrectly listed September 10, 2021, as the date sentence was imposed when it was actually the date that post-sentence motions were denied, this was administratively corrected on the docket. Further, these separate appeals were filed pursuant to **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) and were consolidated *sua sponte*.

Lopez-Melara first argues that he was denied a fair trial when the trial court granted the motion to consolidate the two cases. First, we note that the decision to consolidate indictments for trial rests in the discretion of the trial court and we will reverse only when we find an abuse of discretion or that the defendant has suffered injustice. *See Commonwealth v. Lively*, 231 A.3d 1003, 1006 (Pa. Super. 2020). "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Commonwealth v. LeClair*, 236 A.3d 71, 78 (Pa. Super. 2020) (citations omitted). Pennsylvania Rule of Criminal Procedure 582 states that, "[o]ffenses charged in separate indictments or informations may be tried together if the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion." Pa.R.Crim.P. 582(A)(1)(a). The trial court may accept evidence of other crimes to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident if the probative value of the evidence of the other crimes outweighs its prejudicial effect on the jury. *See Commonwealth v. Lively*, 231 A.3d 1003, 1006 (Pa. Super. 2020).

Here, when the trial court ruled to consolidate the cases for trial it filed a memorandum detailing its finding that evidence of Lopez-Melara's assaults on each victim would be admissible in each other's trial as they show a

common scheme. *See* Trial Court Memorandum, 3/15/21 at 3. Further, the trial court found that the incidents would be distinguishable through the victims' separate testimony. *See id*. at 4.

Lopez-Melara argues that the trial court abused its discretion by incorrectly weighing the probative value of the evidence against its prejudicial effect. *See* Appellant's Brief at 16. Lopez-Melara further contends that because both victims testified the jury must have inferred that he committed crimes against both of them. *See id*. Lopez-Melara counters the Commonwealth's argument that the crimes were part of a common scheme by claiming the abuse of each victim took place in different locations at different times. He therefore argues the crimes are unrelated and should not have been consolidated. *See id*. at 17-18.

Our Supreme Court has held that consolidation is proper "where the ages and races of the victims were similar, where the assaults occurred close in time and at similar locations, where the assaults were achieved through similar means, and where the assaults involved similar crimes". *Commonwealth v. Smith*, 47 A.3d 862, 869 (Pa. Super. 2012) *citing Commonwealth v. Newman*, 598 A.2d 275 (Pa. 1991), *Commonwealth v. Keaton*, 729 A.2d 529 (Pa. 1999), *Commonwealth v. Hughes*, 555 A.2d 1264 (Pa. 1989).

The State Police prepared a criminal complaint for each sister's allegations. The complaint related to the younger sister alleged that in the

year prior, Lopez-Melara exposed his genitals and forced her to touch them multiple times at her home. *See* Police Criminal Complaint, 6/7/19. The complaint further alleged that he touched her genitals and showed her pornography while telling her that they were "gonna have sex". *See id*. The complaint related to the older sister alleged that Lopez-Melara had assaulted her periodically since she was eight years old. *See* Police Criminal Complaint, 5/16/19. The complaint alleged that Lopez-Melara raped her vaginally and orally at her home and his apartment, threatening her with deportation if she reported the abuse. *See id*. The complaint stated that the older sister reported Lopez-Melara only after hearing of his abuse of her sister. *See id*.

At a hearing on the motion to consolidate, the Commonwealth argued that the evidence of the assaults against each sister would be admissible at each other's trial to show a common plan or design. *See* N.T. 2/23/21 at 4. The Commonwealth detailed the similarities in the cases for the trial court:

> The victims in both cases are young Hispanic females, sisters, close family friends of the defendant, roughly the same age when the abuse – alleged abuse started. It's alleged that the defendant threatened each of these victims, and these alleged crimes happened in many of the same locations. They always occurred when he was able to get the child victims alone.

*Id*. at 4-5.

At the hearing, counsel for Lopez-Melara argued that consolidation would prejudice him because it could cause confusion for jurors and preclude him from effectively arguing two separate defenses for each victim. *See id*. at 6. After consideration, the trial court ruled to consolidate the cases. *See*

Trial Court Order, 3/15/21. The trial court reasoned that the similarities as stated by the Commonwealth would make each allegation admissible in the other's trial as part of a common scheme. *See* Memorandum, 3/15/21 at ¶ 12. Further, the trial court ruled that through testimony, these incidents would be distinguishable by the jury and Lopez-Melara would not be deprived of arguing separate defenses. *See id*. at ¶ 13. We find no abuse of discretion in this reasoning. The consolidation of these cases is appropriate based on the almost identical nature of these crimes.

Lopez-Melara's second claim on appeal is that the verdicts for the charges relating to the older victim were against the weight of the evidence. *See* Appellant's Brief at 20. Lopez-Melara argues that because the victim had opportunities to report the assaults and did not do so until her younger sister first reported the assaults against her, her testimony lacks credibility. *See id*. at 20-21.

It is well-settled that the weighing of evidence lies solely in the province of the fact finder at trial. *See Commonwealth v. Boyd*, 73 A.3d 1269, 1274 (Pa. Super. 2013). That fact finder has the freedom to believe any or none of the evidence presented at trial. *See id*. We are not able to reweigh the evidence and we will only grant a new trial when the verdict strays so far from the evidence that it shocks our sense of justice. *See id*. Our role is only to evaluate whether the trial court has abused its discretion in ruling on the weight claim. *See id*.

We will first address the issue of waiver. A weight of the evidence claim is waived when not preserved orally or in writing either pre- or post-sentence. *See* Pa.R.Crim.P. 607. Raising a weight of the evidence claim for the first time in a Pa.R.A.P. 1925(b) Statement does not preserve the claim for our review. *See Commonwealth v. Sherwood*, 982 A.2d 483, 495 (Pa. 2009).

Neither the Commonwealth nor the trial court address waiver. However, the record reflects that Lopez-Melara first raised his weight of the evidence claim in his Pa.R.A.P. 1925(b) Statement. Lopez-Melara filed post-sentence motions including a motion to vacate sentence, arrest judgment and for judgment of acquittal in which he argued that the evidence was insufficient to sustain the verdicts. *See* Post-Sentence Motion, 7/16/21, at 2-3. Upon review of this motion, we note the relevant argument centers on whether the evidence was sufficient to establish the age of the complainants at the time of the alleged assaults. *See id.* Further, the relevant motion requested the court to enter a judgment of acquittal, rather than grant a new trial. *See id.* at 3. As such, the issue raised in the post-sentence motion is appropriately classified as a challenge to the sufficiency of the evidence and not a claim that the verdict was against the weight of the evidence. *See Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). And this is how the trial court interpreted it when addressing the motion prior to appeal. *See* Trial Court Opinion, 9/10/21, at 2 (analyzing Lopez-Melara's argument as a challenge to the sufficiency of the evidence).

Accordingly, we conclude that Lopez-Melara's weight of the evidence claim is waived because he did not preserve the issue by first raising it in the trial court.

As neither of Lopez-Melara's arguments on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2022