J-S08020-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MONTE THOMAS | : | |
| | : | |
| Appellant | : | No. 1133 EDA 2024 |

Appeal from the Judgment of Sentence Entered March 28, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007933-2022

BEFORE: DUBOW, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED MAY 2, 2025**

Monte Thomas appeals from the judgment of sentence entered after he was convicted of attempted murder and related crimes.[1] He challenges the discretionary aspects of his sentence. We deny Thomas' appeal, but we *sua sponte* vacate his judgment of sentence and remand for resentencing.

Police charged Thomas on September 2, 2022, alleging that he shot the victim over a drug debt. The case proceeded to trial, and a jury found Thomas guilty of all six offenses on November 30, 2023. On March 28, 2024, the trial court sentenced Thomas to 8 to 16 years of confinement followed by 5 years of probation. Thomas moved for reconsideration, which the trial court denied.

---

[1] 18 Pa.C.S. §§ 901(a) (criminal attempt), 2702(a)(1) (aggravated assault), 6105(a)(1) (possession of firearm prohibited), 6106(a)(1) (firearms not to be carried without a license), 6108 (carrying firearms in public in Philadelphia), and 907(a) (possessing instruments of crime).

Thomas timely appealed. Thomas and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. On appeal, Thomas maintains several challenges to the discretionary aspects of his sentence.

This Court has discretion whether to grant review of the discretionary aspects of a sentence. 42 Pa.C.S. § 9781(b). We may allow an appeal "where it appears that there is a substantial question that the sentence imposed is not appropriate under" the Sentencing Code. *Id.* Before granting an appeal for an issue of sentencing discretion, we determine if the appellant has satisfied four requirements:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Glawinski*, 310 A.3d 321, 325 (Pa. Super. 2024) (quoting *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013)).

Rule 2119(f) requires an appellant who challenges the discretionary aspects of a sentence to "set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." Pa.R.A.P. 2119(f). Importantly, if a defendant does not include a Rule 2119(f) statement in his brief, and the Commonwealth objects to this failure, then this Court may not review the merits of the defendant's claim. *Commonwealth v. Lively*, 231 A.3d 1003,

1011 (Pa. Super. 2020) (citing **Commonwealth v. Karns**, 50 A.3d 158, 166 (Pa. Super. 2012)).

Here, because Thomas has not included a Rule 2119(f) statement in his brief, and the Commonwealth objected, we do not reach the merits of Thomas' challenges to the discretionary aspects of his sentence. **Id.** Thomas presents no other issues on appeal.

However, an appellate court may address the legality of a criminal sentence *sua sponte*. **Commonwealth v. Armolt**, 294 A.3d 364, 376 (Pa. 2023) (citations omitted). We do so here. Initially, the trial court did not order reentry supervision, which is required for an aggregate minimum sentence of confinement of four years or more. 61 Pa.C.S.A. § 6137.2(a). As the addition of the mandatory 12-month period of reentry supervision may upset the trial court's sentencing scheme, we will vacate Thomas' sentence and remand for resentencing. **See Commonwealth v. Thur**, 906 A.2d 552, 569 (Pa. Super. 2006).

Furthermore, the total length of Thomas' split sentence exceeds the statutory maximum of five of his six offenses. "[O]n a split sentence, the time originally imposed cannot exceed the statutory maximum. Thus, where the maximum is ten years, a defendant cannot receive a term of incarceration of three to six years followed by five years [of] probation." **Commonwealth v. Crump**, 995 A.2d 1280, 1283–84 (Pa. Super. 2010).

Thomas' sentence order includes identical terms at each of his six offenses: 8 to 16 years of confinement followed by 5 years of probation. Thus,

Thomas' total sentence is 21 years. This is a legal sentence for Thomas' attempted murder conviction because the jury found that he caused serious bodily injury. *See* 18 Pa.C.S. § 1102(c). However, it exceeds the statutory maximum for Thomas' other five convictions, graded as felonies of the first degree (20 years), a felony of the third degree (seven years) and misdemeanors of the first degree (five years). 18 Pa.C.S. §§ 1103(1), (3), 1104(1).

We therefore vacate Thomas' judgment of sentence and remand for resentencing. On remand, the trial court should order reentry supervision consistent with 61 Pa.C.S.A. § 6137.2(a) and should impose sentences that do not exceed the statutory maximum for each offense.[2]

Judgment of sentence vacated. Remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/2/2025

_____

[2] It appears from the record that trial court and the parties focused on Thomas' aggregate term, which the written sentence order merely repeats at each count. Our order does not prevent the imposition of concurrent sentences or sentences of guilt without further penalty, nor does it preclude a determination of whether any counts merge for sentencing purposes.