J-S23006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIR HILL | : | |
| | : | |
| Appellant | : | No. 1933 EDA 2024 |

Appeal from the Judgment of Sentence Entered April 16, 2024
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0004073-2022

BEFORE:  STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:                **FILED OCTOBER 1, 2025**

Appellant, Jamir Hill, appeals from the judgment of sentence imposed on April 16, 2024, by the Court of Common Pleas of Delaware County. He challenges the discretionary aspects of his sentence; that he received a substantially higher sentence than his co-defendant. Upon review, we affirm.

The facts are not in dispute. Briefly, Appellant and a co-defendant committed four armed robberies in March of 2022. Following a jury trial, Appellant was convicted of charges related to three of the armed robberies, and found not guilty of charges related to the fourth. Sentencing was deferred for a pre-sentence investigation. On April 16, 2024, Appellant was sentenced to an aggregate term of 30 to 60 years' imprisonment. He filed a motion for reconsideration and modification of sentence, which was denied by the trial court. This appeal followed. Appellant raises the following issue for our review:

Did the trial court err by failing to reconsider the excessive sentence imposed by the court? The [trial] court erred as a matter of law and abused its discretion in imposing the instant sentence as the court failed to comply with the requirements of 42 Pa.C.S.[A. §] 9721. The sentence was manifestly excessive and unreasonable. The [trial] court failed to adequately state sufficient reasons for imposing the sentence. The sentence imposed on the co-defendant who plead to 4 separate robberies was substantially different from the sentence imposed on [Appellant].

Appellant's Brief, at 3.

Challenges to the discretionary aspects of sentencing are not entitled to appellate review as a matter of right. *Commonwealth v. Clemat*, 218 A.3d 944, 959 (Pa. Super. 2019). Rather, such challenges are considered petitions for allowance of appeal. *Id.* Thus, an appellant must invoke our jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect pursuant to Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. *Id.*

Here, Appellant filed a timely notice of appeal and preserved the issue in a motion to modify sentence. However, his brief has a fatal defect as he failed to include the required Rule 2119(f) statement. Rule 2119 provides:

An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument

- 2 -

on the merits with respect to the discretionary aspects of the sentence.

Pa.R.A.P. 2119(f). "If a defendant fails to include an issue in his Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim." **Commonwealth v. Lively**, 231 A.3d 1003, 1011 (Pa. Super. 2020). Because the Commonwealth has objected to Appellant's failure to include a Rule 2119(f) statement, **see** Commonwealth's Brief at 6, the issue is waived.[1]

Judgment of sentence affirmed.

---

[1] Even if the issue was not waived, Appellant would not be entitled to relief. While a claim that "disparate sentences between two or more co-defendants raises a substantial question," **see Commonwealth v. Krysiak**, 553 A.2d 165, 167 (Pa. Super. 1987), a trial court is not required to impose identical sentences on co-defendants. **Commonwealth v. Mastromarino**, 2 A.3d 581, 589 (Pa. Super. 2010). Rather, the trial court must indicate its reasons for differences in sentences between co-defendants. **Id.**

Here, Appellant was sentenced within the standard sentencing range on all counts. Additionally, the trial court explained its reason for the disparity in the sentences: (1) Appellant was sentenced to probation on a firearms charge two months prior and was on supervision when the instant offenses occurred; and (2) three incidents of armed robbery within a short period of time demonstrate that Appellant has a disregard for the value of human life. **See** Trial Court Opinion, 10/31/24, at 6. The record clearly demonstrates that the trial court stated its reasoning for imposing different and individualized sentences for Appellant and his co-defendant. Thus, we discern no abuse of discretion.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>10/1/2025</u>