J-S13011-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| HAKIRAH GANT | : | |
| Appellant | : | No. 2462 EDA 2025 |

Appeal from the Judgment of Sentence Entered April 25, 2025
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003744-2023

BEFORE:  PANELLA, P.J.E., NICHOLS, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:                 **FILED JUNE 23, 2026**

Hakirah Gant appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following her conviction of aggravated assault, possession of an instrument of crime, recklessly endangering another person, and propulsion of a missile into an occupied vehicle.[1] Gant challenges the discretionary aspects of her sentence. After careful review, we affirm.

The trial court summarized the facts underlying Gant's convictions as follows:

> On May 8, 2023, at approximately 5:00 p.m., Shaga Alston [("Victim")] was driving his 2016 Jeep Compass on Adams Street approaching E. Roosevelt Boulevard in Philadelphia on his way home from work. [Victim] was driving in the right lane on Adams Street when he observed [Gant] driving erratically in the left lane.

_____

[1] 18 Pa.C.S.A. §§ 2702(a)(1), 907(a), 2705, and 2707(a), respectively.

Shortly thereafter, [Victim] and [Gant] were stopped at the same red light, idling beside each other, at the intersection of Adams Street and E. Roosevelt Boulevard in their respective lanes. At that time, [Victim], from inside his car, told [Gant] that she should slow down and drive more attentively, at which point, the two [] began "cussing each other out." [N.T. Trial, 2/11/25, at 29.] At no point during this interaction did [Victim] say anything threatening to [Gant], nor did he brandish any weapons. There were no firearms in [Victim's] vehicle.

When the light turned green, [Victim] and [Gant] turned right into the intersection, with [Gant's] car slightly behind [Victim's] car. At that point, [Victim] heard [Gant] say, "I'll kill you." [*Id.* at 26-27.] Moments later, [Victim] heard a gunshot, his ears began to ring, and he noticed that his rear driver's side window had been shattered. Photographs of [Victim's] car taken after the shooting show damage to the rear driver's side window and frame, as well as shards of broken glass on the back seat. A bullet struck [Victim's] car in the proximity of his driver's side door.

Immediately following the shooting, [Gant] fled the scene, and [Victim] followed her. [Victim] called the police as he was chasing [Gant] to report what had happened. Officer Dooley, who responded to a radio call of a person with a gun, eventually caught up with both [Victim] and [Gant] near the 7200 block of Rising Sun Avenue. Officer Dooley recovered a Taurus handgun loaded with 8 rounds from [Gant's] vehicle, as well as a single fired cartridge casing from the floor of the backseat of [Gant's] vehicle. [Gant] admitted to Officer Dooley that she shot her firearm at [Victim, but claimed] that she fired [] after seeing [him] reach underneath his seat.

Trial Court Opinion, 11/17/25, at 2-3 (record citations omitted).

Following a jury trial, Gant was convicted of the above offenses on February 12, 2025. On April 25, 2025, the court imposed an aggregate sentence of three to six years' incarceration followed by three years' reporting probation. Gant timely filed a motion for reconsideration of sentence, which the court denied on August 19, 2025. Gant timely filed a notice of appeal.

Both Gant and the trial court have complied with Rule 1925. *See* Pa.R.A.P. 1925(a), (b).

On appeal, Gant presents the following issue for our review:

Whether the trial court abused its discretion by imposing a manifestly excessive sentence, where it failed to adequately consider mitigating factors, imposed a sentence greater than necessary to achieve the purposes of sentencing, and entered a sentence that was unreasonable under 42 Pa.C.S.[A.] § 9781(c).

Appellant's Brief, at 5.

Gant challenges the discretionary aspects of her sentence. "The right to appellate review of the discretionary aspects of a sentence is not absolute[] and must be considered a petition for permission to appeal." *Commonwealth v. Harris,* 352 A.3d 460, 464 (Pa. Super. 2026) (citation omitted).

Prior to reaching the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Warren*, 350 A.3d 1018, 1030-31 (Pa. Super. 2025) (case citation omitted).

Although Gant filed a timely notice of appeal and preserved her discretionary sentencing challenge in a post-sentence motion for reconsideration, she failed to include a Rule 2119(f) statement in her appellate brief. *See* Appellant's Brief, at 1-12; Pa.R.A.P. 2119(f) ("An appellant who

challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence."). While an appellant's failure to include the requisite Rule 2119(f) statement in her brief does not automatically result in waiver of her discretionary sentencing claim for our review, "we may not reach the merits of the claim[] where the Commonwealth has objected to the omission of the statement." *Commonwealth v. Hudson*, 820 A.2d 720, 727 (Pa. Super. 2003) (internal quotation marks, brackets, and citation omitted).

Here, the Commonwealth objected to Gant's omission of a Rule 2119(f) statement. *See* Appellee's Brief, at 5. Thus, Gant's failure to include the requisite Rule 2119(f) statement in her brief waived her discretionary sentencing claim, and this Court cannot review its merits. *See Commonwealth v. Lively*, 231 A.3d 1003, 1011 (Pa. Super. 2020) ("If a defendant fails to include an issue in [her] Rule 2119(f) statement, and the Commonwealth objects, then the issue is waived and this Court may not review the claim.") (citation omitted); *Hudson*, 820 A.2d at 727. Accordingly, we affirm Gant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>6/23/2026</u>