J-A08033-21

2021 PA Super 92

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
AMY MCFALLS :
:
Appellant : No. 249 EDA 2020

Appeal from the Judgment of Sentence Entered December 11, 2019
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002346-2018

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED: May 10, 2021**

Appellant, Amy McFalls, appeals from the judgment of sentence entered in the Court of Common Pleas of Montgomery County following her conviction at a bench trial on the charge of driving while under the influence of alcohol ("DUI"),[1] as well as her conviction by a jury on the charges of aggravated harassment by a prisoner and institutional vandalism.[2] After a careful review, we affirm.

The relevant facts and procedural history are as follows:

At approximately 2:30 a.m., on March 22, 2018, Officer William Kane and Officer Hagen of the Norristown Police Department arrived on the scene of a one-car accident on the 1300 block of Sandy Hill Road. Upon arrival, the officers found a

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] 18 Pa.C.S.A. § 2703.1 and 18 Pa.C.S.A. § 3307(a)(3), respectively.

vacated Dodge Dakota, [which had] collided with a poll [*sic*]. There was a witness on the scene, Rogelio Resendiz, shoveling snow when the officers arrived. He pointed Officer Kane in the direction of [Appellant], who had left the scene of the accident on foot.

Officer Kane found [Appellant] at the bottom of a nearby hill covered in snow and speaking on her cell phone. He engaged her in conversation and escorted her back to the scene of the accident.

During this interaction, Officer Kane was able to observe that [Appellant] had bloodshot eyes and trouble walking back to her car. Once at the scene of the vehicle crash, Officer Kane placed [Appellant] in handcuffs, informed her that she was under arrest, and read her the DL-26 form.

The officers transported [Appellant] to the Norristown police station, where she was placed into a holding cell. While in the cell, [Appellant] removed her sweater and placed it in the toilet. [Appellant] then flushed the toilet, causing the toilet to overflow. In response, several officers entered the cell, handcuffed [Appellant's] wrists, and placed a prisoner transport belt around her waist. Additionally, the officers attempted to shackle [Appellant's] legs, so as to prevent further incident while attempting to clean the cell of the overflowed toilet water. Officer Stephanie Flynn aided in attempting to physically restrain [Appellant] so as to shackle her. It was at this time that [Appellant] spit in the face [of] Officer Flynn[.]

Trial Court Opinion, filed 6/22/20, at 2-3 (footnote and citations to record omitted).[3]

Appellant was charged with various offenses, and on November 15, 2018, Appellant served a subpoena upon the Norristown Police Department's police chief ("Police Department"). Therein, she directed him (or the custodian of records) to appear at Appellant's pre-trial hearing and bring with him:

---

[3] Appellant admits in her brief that surveillance video of what occurred in the cell was introduced at trial.

> A copy of: Any documents relating to the conduct of [Appellant] or restraining officers, any records related to any investigation or use of force against [Appellant], all policies, guidelines, and training materials promulgated by the department regarding witness interviews, DUI arrest, the use of force, custody and care of prisoners, use of force reporting requirements, restraint procedures for combative prisoners, and persons in custody with health issues.

Subpoena, filed 11/15/18.

On March 13, 2019, the Police Department filed a motion to quash the subpoena. Therein, the Police Department asserted the subpoena should be quashed on the basis it is overly broad, unduly burdensome, and "on its face… a fishing expedition." Police Department Motion, filed 3/13/19. The Police Department indicated Appellant was "seeking the production of a massive number of documents, none of which have any obvious relevance to [Appellant's] guilt or innocence in this matter." *Id.* Alternatively, the Police Department asserted "the proper vehicle [for] this request [of documents] would be a motion pursuant to [Pa.R.Crim.P.] 573[.]" *Id.* Thus, the Police Department requested the subpoena be quashed.

On March 13, 2019, Appellant filed a response to the Police Department's motion to quash the subpoena. Therein, Appellant contended the use of a subpoena to gain access to the requested documents is the proper vehicle, and her request was not overly broad.

Following a hearing held on March 29, 2019, the trial court filed an order summarily granting the Police Department's motion to quash the subpoena.

On April 9, 2019, Appellant filed a pre-trial discovery motion. Therein, Appellant indicated she was seeking discovery of the material described in the exhibit attached to her motion. The exhibit was the subpoena, which Appellant had served upon the Police Department and the trial court had quashed. Following a hearing, on April 26, 2019, the trial court filed an order indicating Appellant's request was overbroad. The trial court gave Appellant permission to narrow and refine her discovery request.

On May 1, 2019, Appellant filed a pre-trial discovery motion. Therein, Appellant relevantly indicated:

> [Appellant] refines her request to include those documents, policies, guidelines, or training material, currently in effect and in possession of the Norristown police department, promulgated within the last ten years, used for training in the use of force, documenting use of force, for determining when use of force is appropriate and not appropriate, and any policies, guidelines, and materials related to internal investigations, and possible penalties for officer misconduct.

Appellant's Pre-Trial Discovery Motion, filed 5/1/19.

On May 13, 2019, the trial court held a hearing on the pre-trial discovery motion. The trial court concluded Appellant's May 1, 2019, request was overbroad, and the trial court inquired as to the materiality of the request. Appellant averred the materials were relevant to challenge the credibility of the police officers. The trial court denied Appellant's May 1, 2019, discovery request on the basis it was overly broad and the requested documents were not material.

Following a bifurcated one-day bench trial, Appellant was convicted of DUI on July 1, 2019, and, on September 17, 2019, a jury found Appellant guilty of institutional vandalism and aggravated harassment by a prisoner. On December 11, 2019, Appellant was sentenced as to all convictions. The trial court imposed an aggregate of two months to twenty-three months in prison, to be followed by two years of probation.

Appellant did not file post-sentence motions, however, on January 9, 2020, she filed a timely counseled notice of appeal. On January 15, 2020, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement, and on January 29, 2020, Appellant filed a request for an extension of time. On February 3, 2020, the trial court granted Appellant's request for an extension,[4] and on February 19, 2020, Appellant filed a counseled Pa.R.A.P. 1925(b) statement. On June 22, 2020, the trial court filed a responsive Pa.R.A.P. 1925(a) opinion.

_____

[4] In its order, the lower court directed Appellant to file of record and serve upon the trial court a concise statement of errors complained of on appeal within twenty-one days of the order. The lower court warned Appellant that any issue not presented in the Rule 1925(b) statement shall be deemed waived. Accordingly, the lower court's order complied with the mandates of Pa.R.A.P. 1925(b)(3). Further, the record reveals the Clerk of Courts provided the lower court's Pa.R.A.P. 1925(b) order to Appellant's counsel on January 17, 2020, via electronic service. Additionally, in its supplemental Rule 1925(b) order, in addition to giving Appellant an extension of time, the trial court specifically indicated all requirements of the previous Rule 1925(b) order remained in full force and effect. The record reveals the Clerk of Courts provided the supplemental Rule 1925(b) order to Appellant's counsel on February 3, 2020, via electronic service.

On appeal, Appellant sets forth the following issues her "Statement of Questions Involved" (verbatim):

I. Were the Defendant/Appellant's rights to compulsory process and confrontation afforded by Article 1, Section 9 of Pennsylvania's constitution violated when the trial court quashed and denied requests by Defendant/Appellant, as improper in form, overbroad, and/or irrelevant, requests for police department guidelines that the Defendant/Appellant sought to demonstrate bias at trial?

II. Were the Defendant/Appellant's rights pursuant to Pa.R.Crim.P. 646(B)(1) violated when the trial court provided written charges of the substantive offenses to the jury but failed to include a written copy of the orally charged defense of necessity?

Appellant's Brief at 4-5.

In her first issue, Appellant contends her rights to compulsory process and confrontation afforded by Article 1, Section 9 of the Pennsylvania Constitution were violated when the trial court quashed her subpoena. Specifically, Appellant contends the trial court erred in holding a subpoena was not the proper vehicle for her request for documents. Further, she asserts her subpoena was not overly broad, and she articulated a reasonable basis for the documents. Accordingly, Appellant argues the trial court erred in quashing her subpoena, which she served upon the Police Department.

Preliminarily, we agree with Appellant that a subpoena may properly be issued in a criminal case directing a witness to appear before the court, as well as bring "any items identified or described." Pa.R.Crim.P. 107. **See Commonwealth v. Mejia-Arias**, 734 A.2d 870 (Pa.Super. 1999) (holding

subpoena *duces tecum* is the proper means to secure information in personnel files of arresting officers); ***Commonwealth v. McElroy***, 665 A.2d 813, 819-20 (Pa.Super. 1995) (declining to hold Commonwealth responsible for tape recordings that were not in possession of prosecution and suggesting proper procedure for defendant was service of subpoena *duces tecum* upon proper custodian of record).

> Whether a subpoena shall be enforced rests in the judicial discretion of the court. We will not disturb a discretionary ruling of a trial court unless the record demonstrates an abuse of the court's discretion. So long as there is evidence which supports the trial court's decision, it will be affirmed. We may not substitute our judgment of the evidence for that of the trial court.
>
> An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Mucci***, 143 A.3d 399, 411-12 (Pa.Super. 2016) (citations omitted).

With regard to obtaining records such as those requested by Appellant, Appellant must "articulate a reasonable basis for h[er] request; a criminal defendant is not entitled to a 'wholesale inspection' of investigatory files." ***Id.*** at 412 (citation omitted). ***See Mejia-Arias***, ***supra*** (holding a defendant is only entitled to review relevant material in the police's files where there exits at least some reason to believe the inspection would lead to evidence helpful to the defense).

Additionally, as this Court has explained:

A defendant's subpoena power is not unlimited. According to the Rules of Criminal Procedure, subpoenas in criminal cases are to be used not only for trial but also at any other stage, including hearings in connection with pre-trial motions. Nevertheless, "when the subpoena is for the production of documents, records, or things, *these should be specified*." [The] right to exculpatory material does not mean that a defendant has unfettered access to files not in h[er] possession, nor that [s]he may search untrammeled through Commonwealth files in order to argue the relevance of material therein[.]

*Mejia-Arias*, 734 A.2d at 878 (citations and quotations omitted) (emphasis in original).

Moreover, as our Pennsylvania Supreme Court has relevantly indicated:

[T]he strong public interest in protecting the privacy and safety of law enforcement officers, requires a narrowly targeted and supported request for relevant documents. A defendant has no right to obtain or review personnel records in the mere hope that [s]he might uncover some collateral information with which to challenge the credibility of a police officer.

*Commonwealth v. Blakeney*, 596 Pa. 510, 946 A.2d at 645, 660-61 (2008).[5]

In the case *sub judice*, we conclude the subpoena was overly broad. Given the broad scope of the subpoena, and Appellant's failure to articulate a reasonable basis for her request, we conclude the trial court did not abuse its discretion in quashing the subpoena. Appellant may not engage in a "fishing expedition" hoping to find something in the police personnel files, disciplinary

---

[5] In **Blakeney**, **supra,** our Supreme Court held the trial court did not err in quashing a subpoena where an appellant sought the personnel files of two investigating officers, but he could offer no reasonable basis for his request.

files, policies, guidelines, or training materials, which might impeach the credibility of the officers involved in her case. **See Mucci**, **supra**. She simply did not articulate a reasonable basis for her request which was likely to produce admissible evidence. **Id.** Thus, we find Appellant is not entitled to relief on this basis.[6, 7]

In her second issue, Appellant contends the trial court violated Pa.R.Crim.P. 646(B)(1) when it failed to give the jury, for review during deliberations, a written copy of the defense of necessity charge, which the

_____

[6] To the extent the trial court held the subpoena was an improper vehicle for Appellant to seek to acquire the documents in the instant case from the Police Department, we agree with Appellant that this constituted error. **See Mejia-Arias**, **supra** (indicating the use of a subpoena is proper to secure information in police files). However, as indicated *supra*, we conclude the trial court properly quashed the subpoena based on other reasons. **Commonwealth v. Gatlos**, 76 A.3d 44, 62 n.12 (Pa.Super. 2013) ("We may affirm the trial court's determination on any grounds, even where those grounds were not suggested to or known by the trial court.") (citation omitted)). We note Appellant suggests that, if we agree with the trial court that a subpoena is an improper vehicle to request documents from a police department, then we should determine whether the trial court erred in denying her pre-trial discovery motions. Inasmuch as we agree with Appellant that her subpoena was a proper vehicle for seeking the documents, we decline to address this argument further.

[7] Moreover, we note Appellant admits in her brief that, to the extent the trial court erred in quashing her subpoena, "this error does not necessarily require a new trial" since the trial court's ruling is subject to the harmless error standard. Appellant's Brief at 22. Here, given the overwhelming evidence of Appellant's guilt, we conclude any error with regard to the trial court's ruling on the subpoena is harmless. **See Commonwealth v. Young**, 561 Pa. 34, 748 A.2d 166, 193 (1999) ("An error will be deemed harmless if…the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect was so insignificant by comparison that the error could not have contributed to the verdict.").

trial court orally gave to the jury. Appellee avers Appellant waived this issue by failing to lodge a specific objection at trial.

Initially, we note that whether written materials should be allowed to go out with the jury during deliberations is within the sound discretion of the trial court. ***Commonwealth v. Barnett***, 50 A.3d 176 (Pa.Super. 2012).

Pennsylvania Rule of Criminal Procedure 646, pertaining to material permitted in possession of the jury, provides, in relevant part, the following:

> (B) The trial judge may permit the members of the jury to have for use during deliberations written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed.
>
> (1) If the judge permits the jury to have written copies of the portion of the judge's charge on the elements of the offenses, lesser included offenses, and any defense upon which the jury has been instructed, the judge shall provide that portion of the charge in its entirety.

Pa.R.Crim.P. 646(B)(1).

During the jury's deliberations, the following relevant exchange occurred:

> THE COURT: All right. The jury has requested the elements of the charges in this case. It is at the discretion of the Court to send them back or not, clean copies. I have clean copies that I will send back. There was an issue raised by the defense. What are you requesting?
>
> [DEFENSE COUNSEL]: Your Honor, I—
>
> THE COURT: Are you requesting that I send back 45 pages?
>
> [DEFENSE COUNSEL]: No, that they have all of the instructions.

> THE COURT: That is denied. I am going to send back the clean copies of aggravated harassment by prisoner and institutional vandalism. I will send that back to them. And with that if we have any other questions, we will address them when they come up.

N.T., 9/17/19, at 153.

Appellant argues that, since the trial court permitted the jury to have written copies of the portion of the judge's charge on the elements of the offenses, the trial court abused its discretion under Pa.R.Crim.P. 646(B)(1) when it denied Appellant's request that the jury be provided with written copies of the defense of necessity charge.[8] However, we agree with Appellee that Appellant has waived her argument on appeal.

It is well-settled that to preserve an issue for review, a party must make a timely and specific objection at trial, and this Court "will not consider a claim on appeal which was not called to the trial court's attention at a time when any error committed could have been corrected." ***Commonwealth v. Smith***, 606 A.2d 939, 942 (Pa.Super. 1992) (citations omitted). ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). This requirement bars an appellant from raising "a new and different theory of relief" for the first time on appeal. ***Commonwealth v. York***, 465 A.2d 1028, 1032 (Pa.Super. 1983).

---

[8] It is undisputed that the trial court's oral charge to the jury included an instruction on the defense of necessity.

In urging this Court to find Appellant's issue to be waived, the trial court reasoned as follows in its Pa.R.A.P. 1925(a) opinion:

> [Appellant] specifically cites to th[e] [trial] court's failure to provide the jury with the written elements of the defense of necessity, as allegedly requested at trial. As aforementioned, [Appellant] did not identify specific elements or defenses sought to be provided in writing, but rather requested the whole charge. Therefore, as [her issue regarding written copies of the defense of necessity] was not specifically raised or requested at trial, this allegation of error is waived.

Trial Court Opinion, filed 6/22/20, at 4.

We agree with the trial court's sound reasoning. At trial, in response to the trial court's indication that it was granting the jury's request to use during deliberations written copies of the judge's charge on the elements of the offenses, Appellant requested the jury be provided with "all of the instructions." N.T., 9/17/19, at 153. The trial court denied this request.

However, on appeal, apparently recognizing that Pa.R.Crim.P. 646(B) does not mandate that, if any written instructions are given to the jury, the entirety of the oral instructions must be given to the jury in written form, Appellant has altered her argument. She now specifically avers the jury should have been provided with written copies of the defense of necessity instruction. However, inasmuch as an issue may not be raised for the first time on appeal, and this requirement bars an appellant from raising "a new

and different theory of relief" for the first time on appeal, we conclude Appellant has waived her issue.[9] **York**, 465 A.2d at 1032.

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/10/21

---

[9] Appellant suggests in her brief that, in violation of Pa.R.Crim.P. 646(B)(2), the trial court erred in failing to instruct the jurors as to how to use the written copies of the charge, which were provided to them. Appellee advocates waiver of this issue since Appellant neither requested a cautionary instruction at trial nor raised the specific issue in her court-ordered Pa.R.A.P. 1925(b) statement. We agree and find this issue to be waived. **See Smith**, **supra**; **York**, **supra**; Pa.R.A.P. 1925(b)(4)(vii).