J-S07044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DUANE MOORE, III | : | |
| | : | |
| Appellant | : | No. 1027 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 21, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0001689-2020

BEFORE:  OLSON, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                **FILED: MARCH 10, 2022**

Duane Moore, III (Moore) appeals from the judgment of sentence imposed in the Court of Common Pleas of Allegheny County (trial court) after his bench conviction of Driving Under the Influence (DUI), 75 Pa.C.S. § 3802(D)(1), and Disorderly Conduct, 18 Pa.C.S. § 5503(a)(1).  He argues that the trial court erred in denying his motion to suppress because the arresting officer lacked probable cause for his traffic stop based on a non-functioning brake light in violation of the Motor Vehicle Code.  We affirm.

We take the background facts and procedural history from our independent review of the record and the trial court's September 21, 2021 opinion.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

On November 6, 2019, at approximately 12:30 A.M., eighteen-year veteran Stowe Township Police Officer Michael Apicella was on patrol and driving on Seventh Street. He drove behind Moore's Acura SUV for about thirty yards. The officer observed that the vehicle had a non-functioning center brake light. As Moore made a right-hand turn onto Broadway, the vehicle's right rear wheel went over the curb. Based on the equipment violation[1] and the careless driving,[2] the officer initiated a traffic stop and asked Moore for his license and registration. He smelled the odor of alcohol and marijuana emanating from Moore. Moore admitted he had been drinking and failed the field sobriety tests. Officer Apicella arrested Moore for DUI.

---

[1] Pursuant to the General Lighting Requirements of the Motor Vehicle Code:

> Every vehicle operated on a highway shall be equipped with a rear lighting system including, but not limited to, rear lamps, rear reflectors, stop lamps and license plate light, in conformance with regulations of the department. **If a vehicle is equipped with a centrally mounted rear stop light, a decal or overlay may be affixed to the centrally mounted rear stop light if the decal or overlay meets all applicable State and Federal regulations**. (emphasis added).

75 Pa.C.S. § 4303(b).

[2] Section 3714 of the Motor Vehicle Code provides, in pertinent part: "Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense." 75 Pa.C.S. § 3714(a).

After the Commonwealth filed a criminal information, Moore filed a motion to suppress any physical or testimonial evidence seized resulting from the traffic stop and ensuing search. (*See* Motion to Suppress Evidence, 5/26/20, at 6) (pagination provided). At the hearing on the motion, Officer Apicella testified on behalf of the Commonwealth. William Jackson, Moore's car mechanic; and Moore's mother, Rhodesia Bey, testified on his behalf.

In addition to the foregoing facts, Officer Apicella testified that on the night in question, November 6, 2019, there was nothing in the way of the center light and, specifically, he did not recall "any sort of decal or anything covering [it]." (N.T. Hearing, 5/26/21, at 6); (*see id.* at 8). He stated that he stopped Moore for "general lighting impairment" due to the brake light being out and reckless driving for driving over the curb. (*Id.* at 10).

Mr. Jackson testified that on November 4, 2019, two days before the incident in question, Moore wanted the vehicle's exterior lights inspected and he recalled that the brake light was working. (*See id.* at 12-14). Ms. Bey testified that on the night of the stop, Moore came home upset because he had been pulled over and the officer said his brake light was not working. She went outside to look and saw that all brake lights were working properly. (*See id.* at 16-17).

On June 9, 2021, the court denied Moore's motion to suppress. On July 21, 2021, after a stipulated nonjury trial, the trial court convicted Moore of DUI and Disorderly Conduct and sentenced him to an aggregate term of

eighteen months' probation, ninety days electronic monitoring and fines. After the trial court denied his post-sentence motion challenging the weight of the evidence, Moore timely appealed. He filed a timely court-ordered statement of errors on appeal. *See* Pa.R.A.P. 1925(b).

Moore challenges the trial court's denial of his motion to suppress, arguing the Commonwealth failed to establish that Officer Apicella had probable cause justifying the stop.[3]

**II.**

Moore argues that Officer Apicella lacked probable cause to stop him because, although the officer testified that he did not see the vehicle's center brake light activate, Section 4303(b) of the Motor Vehicle Code permits a decal to be placed over the middle rear brake light, and the officer admitted that he did not determine whether Moore's vehicle had such a decal prior to the stop.

_____

[3] As observed by the Pennsylvania Supreme Court:

> The issue of what quantum of cause a police officer must possess in order to conduct a vehicle stop based on a possible violation of the Motor Vehicle Code is a question of law, over which our scope of review is plenary and our standard of review is *de novo.* However, in determining whether the suppression court properly denied a suppression motion, we consider whether the record supports the court's factual findings. If so, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

*Commonwealth v. Holmes*, 14 A.3d 89, 94 (Pa. 2011) (citations omitted).

He further maintains that the testimony of Jackson and Bey conflicts with the officer's claim that the rear brake light was out.[4]

> Pursuant to Section 6308(b) of the Motor Vehicle Code:
>
> Whenever a police officer is engaged in a systematic program of checking vehicles or drivers or has reasonable suspicion that a violation of this title is occurring or has occurred, he may stop a vehicle, upon request or signal, for the purpose of checking the vehicle's registration, proof of financial responsibility, vehicle identification number or engine number or the driver's license, or to secure such other information as the officer may reasonably believe to be necessary to enforce the provisions of this title.

75 Pa.C.S. § 6308(b).

> Traffic stops based on a reasonable suspicion: either of criminal activity or a violation of the Motor Vehicle Code under the authority of Section 6308(b) must serve a stated investigatory purpose. **For a stop based on the observed violation of the vehicle code or otherwise non-investigable offense, an officer must have probable cause to make a constitutional vehicle stop.**

*Commonwealth v. Bush*, 166 A.3d 1278, 1282 (Pa. Super. 2017), *appeal denied*, 176 A.3d 855 (Pa. 2017) (emphasis added; citations and quotation

---

[4] Officer Apicella testified that he stopped Moore for "general lighting impairment" due to the brake light being out AND reckless driving for driving over the curb. (N.T. Hearing, at 6); (*see id.* at 8). However, Moore does not challenge the stop based on the officer's observation of him driving over the curb in violation of the reckless driving section of the Motor Vehicle Code. Therefore, he waived any challenge to the trial court's denial of suppression on this basis. Moreover, it would lack merit. At the hearing, counsel argued that the right passenger wheel briefly going over the curb did not rise to the level of careless driving. (*See* N.T. Hearing, at 20). However, as stated above, even a minor violation of the Motor Vehicle Code observed by a police officer provides him with probable cause to stop the vehicle. *See Harris*, *infra* at 1019; 75 Pa.C.S. § 3714(a).

marks omitted). "Pennsylvania law makes clear that a police officer has probable cause to stop a motor vehicle if the officer observes a traffic code violation, even if it is a minor offense." **Commonwealth v. Harris**, 176 A.3d 1009, 1019 (Pa. Super. 2017) (citation omitted).

We do not find Moore's arguments regarding the rear brake light to be persuasive. First, his argument that the officer did not have probable cause because he did not confirm whether there was a decal on the rear brake light is waived because he failed to argue this theory below.[5] **See Commonwealth v. McFalls**, 251 A.3d 1286, 1293 (Pa. Super. 2021) (appellant barred from raising "a new and different theory of relief for the first time on appeal.") (citation omitted); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); (**see also** N.T. Hearing, at 20-22).

_____

[5] We also note that although he represents that the officer "admitted" he did not determine whether Moore's vehicle had a decal on the brake light prior to the stop, this does not accurately reflect the testimony. (Moore's Brief, at 25). Officer Apicella repeatedly testified that there was nothing in the way of the light and he did not recall seeing a decal covering it. (**See** N.T. Hearing, at 6, 8). Moore appears to argue that since the Motor Vehicle Act permits certain decals on center brake lights, it would always be possible that a decal could be on a light and, therefore, would negate probable cause for a violation of Section 4304(b). However, he provides no legal authority for such a claim and we are not aware of any. Under this theory, no Pennsylvania police officer would ever have probable cause to stop a motorist for a violation of Section 4303(b) of the Motor Vehicle Code, an outcome that the General Assembly did not intend. Moreover, it is notable that Moore does not claim now and did not provide any evidence that his vehicle did, in fact, have such a decal.

Second, his argument that the trial court erred in denying suppression because he presented two witnesses whose testimony conflicted with that of the officer lacks merit.

"It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing." *Commonwealth v. Byrd*, 185 A.3d 1015, 1019 (Pa. Super. 2018) (citation omitted). "This Court will not disturb a suppression court's credibility determination absent a clear and manifest error." *Commonwealth v. Fudge*, 213 A.3d 321, 326 (Pa. Super. 2019), *appeal denied*, 222 A.3d 747 (Pa. 2019) (citation omitted).

Here, the trial court observed:

[T]here are two key findings that require denial of suppression:

(1) **The officer's testimony was credible**, even though contradicted.[a] He had observed [Moore]'s vehicle and was clear in his description of events.

(2) An obvious vehicle code violation provided the officer with probable cause to stop [Moore]'s vehicle; a nonfunctioning brake light is exactly the kind of MVC violation contemplated by 75 Pa.[C.S.] § 6308.

[a] [Moore]'s mother's testimony completely contradicts the police officer, as she testifies that she inspected the light immediately after the arrest and found that it was properly working. **I considered her obvious affection for her son and did not find her convincing**.

Moreover, **I found the repairman's testimony, as to having inspected the vehicle two days earlier, to being insufficient** as impeachment testimony.

(Trial Court Opinion, 9/21/21, at 2-3) (pagination provided; emphases added).

Our review of the record confirms the trial court's factual findings. Officer Apicella testified that he was following behind Moore's vehicle when he observed that the center brake light of the SUV was not activated and there was nothing blocking his view of the light. (*See* N.T. Hearing, at 6-7). He did not recall a decal or anything else covering the center light. (*See id.* at 6, 8). Mr. Jackson testified that he inspected the brake lights two days before the incident and they were operational at that time. (*See* N.T. Hearing, at 12-17). Ms. Bey, Moore's mother, testified that contrary to the officer's testimony, when she saw the brake lights on the night in question, they were illuminated. (*See id.* at 16-17).

It was within the province of the trial court as factfinder to weigh the above testimony and determine its weight. We do not discern "a clear and manifest error" that would justify overruling its determinations that Officer Apicella was credible and that the testimony of Mr. Jackson and Ms. Bey should be accorded little weight. *Fudge*, *supra* at 326; *see Byrd*, *supra* at 1019. It certainly is possible that the brake light had gone out in the two days since the mechanic saw it, and, as Ms. Bey is Moore's mother, it is not unreasonable that the court did not find her supporting testimony convincing. The officer's credible testimony established the probable cause required to stop Moore's vehicle. *See Harris*, *supra* at 1019. Because the record supports the trial

court's findings of fact and its legal conclusions drawn therefrom were not error, it properly denied Moore's motion to suppress. **_Holmes_**, **_supra_** at 94.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/10/2022