J-S03026-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEANDRE TONEY MOORE | : | |
| | : | |
| Appellant | : | No. 907 WDA 2021 |

Appeal from the Judgment of Sentence Entered July 13, 2021
In the Court of Common Pleas of Butler County
Criminal Division at No(s):  CP-10-CR-0001532-2018

BEFORE:   LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED: APRIL 01, 2022**

DeAndre Toney Moore appeals from the judgment of sentence imposed following his convictions for possession of a controlled substance and possession of a controlled substance with intent to deliver ("PWID").[1]  We affirm.

Given our disposition, a detailed recitation of the facts is unnecessary. Briefly, the owner of an apartment building in the city of Butler summoned police after observing needles, drug paraphernalia, and two non-tenants in an apartment while fixing a leak.  A patrolman arrived and accompanied the owner to the apartment.  The owner knocked on the door and announced, "Maintenance."  N.T., 9/17/19, at 11.  Tasha Robinson, a non-tenant, opened

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 35 P.S. §§ 780-113(a)(16), (30).

the apartment door. She told the owner and the patrolman that the tenant was not at home and invited them into the apartment. The patrolman observed needles, "stamp bags," and Moore, another a non-tenant, in the apartment. The patrolman conducted a background check which revealed that Moore was the subject of a warrant. The patrolman then arrested Moore and conducted a search incident to arrest. The search revealed that Moore had twenty-eight bags of cocaine in his pocket.

Moore filed a motion to suppress the cocaine on the basis that the patrolman conducted an unlawful search of the apartment unsupported by either a warrant or probable cause. The trial court scheduled a suppression hearing. At the suppression hearing, Moore argued that the only basis for the second entry into the apartment was the "maintenance man's" observation of two non-tenants. Moore further argued that that the "maintenance man" was not qualified to make that observation and was therefore not a "reliable informant." N.T., 9/17/19, 27-28. Finally, Moore argued that the mere presence of non-tenants in the apartment did not establish probable cause. The suppression court took the matter under advisement.

Approximately one month after the hearing, the suppression court entered an order denying relief. In an opinion supporting its suppression order, the court reasoned that the issue was not whether the patrolman had probable cause to search the apartment but whether Ms. Robinson had the

"apparent authority" to consent to the patrolman's entry into the apartment. ***See*** Trial Court Opinion, 10/21/19, at 6.

The matter proceeded to a jury trial, at the conclusion of which the jury convicted Moore of the above-listed charges. On July 13, 2021, the trial court sentenced Moore to an aggregate term of twenty-seven to fifty-four months of imprisonment. Moore filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.[2]

Moore raises the following issue for our review: "Did the [c]ourt err when it determined that the police were authorized to enter the apartment where [Moore] was a staying as a guest[?]" Moore's Brief at 6. The crux of Moore's argument in his brief is that because the patrolman was informed that Ms. Robinson was a non-tenant, he did not have a reasonable basis to accept her invitation to enter the apartment because it was clear that she lacked "apparent authority" to permit his entry. ***Id***., at 9, 14-15.

Initially, we must determine whether Moore preserved his issue for our review. When, as here, a trial court orders an appellant to file a Rule 1925(b) statement, any issue not raised in that statement is deemed waived. ***See Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998); ***see also*** Pa.R.A.P.

_____

[2] In *lieu* of a Rule 1925(a) opinion, the trial court entered an order specifying where the reasons for its ruling appear in the record, *i.e.*, its opinion denying the motion to suppress.

- 3 -

302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

In his Rule 1925(b) statement, Moore asserted that the "maintenance man" saw nothing which established probable cause. Rule 1925(b) Statement, 9/27/21, at 1. For this reason, Moore argued that the patrolman's entry into the apartment and subsequent arrest were illegal.

Notably, in his Rule 1925(b) statement Moore did not claim, as he does on appeal, that the patrolman was not authorized to enter the apartment because Ms. Robinson lacked "apparent authority" to permit his entry. Because Moore's sole argument on appeal, *i.e.*, the alleged absence of "apparent authority," was not raised in his 1925(b) statement, we conclude that that claim is waived. **See Lord,** 719 A.2d at 309.[3]

Judgment of sentence affirmed.

---

[3]We further observe that Moore did not raise his "apparent authority" issue at any point in the court below, and raised it for the first time on appeal, so it is also waived for that reason. Pa.R.A.P. 302(a); **see also Commonwealth v. McFalls**, 251 A.3d 1286, 1293 (Pa. Super. 2021) (stating that an appellant may not raise a different theory of relief for the first time on appeal); **Commonwealth v. Rivera**, 238 A.3d 482, 499 (Pa. Super. 2020) (holding that this Court cannot review a legal theory offered in support of a claim where that theory was not presented to the trial court).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  04/01/2022