J-S30039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN MICHAEL TEDESCO | : | |
| | : | |
| Appellant | : | No. 96 EDA 2022 |

Appeal from the Order Entered December 9, 2021
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002228-2013

BEFORE:  STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:            **FILED SEPTEMBER 08, 2022**

John Michael Tedesco (Tedesco) appeals an order of the Court of Common Pleas of Monroe County (PCRA court) quashing a subpoena and denying post-conviction relief.[1]  We affirm.

In 2013, Tedesco and his wife, Tina Tedesco, were charged with several offenses in connection with the death of Barbara Rabins, a dependent person in their care.  Following a jury trial, Tedesco was found guilty of third-degree murder; neglect of a care-dependent person; theft by unlawful taking; theft by failure to make required disposition of funds; and tampering with physical

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In Pennsylvania, all post-conviction claims collaterally attacking a judgment of sentence are governed by the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 (PCRA).

evidence.[2]  He was also convicted of conspiracy to commit each of those offenses,[3] except for the tampering count.

Tedesco was sentenced on October 26, 2015, to an aggregate prison term of 15.25 years to 30.5 years.  A panel of this Court affirmed the judgment of sentence on direct appeal, *see Commonwealth v. Tedesco*, 787 EDA 2016 (Pa. Super. February 13, 2017) (unpublished memorandum), and the Pennsylvania Supreme denied allocatur on September 19, 2017.  *See Commonwealth v. Tedesco*, 168 A.3d 326 (Pa. 2017).  The United States Supreme Court denied Tedesco's petition for writ of certiorari on April 30, 2018.

Tedesco timely filed a PCRA petition within one year of that latter date, on February 26, 2019.  He then filed an amended petition on September 8, 2021.  The PCRA court offered to appoint counsel, but Tedesco exercised his right to proceed *pro se*.  In his amended petition, Tedesco stated that the conspiracy charges on the four counts were duplicative and in violation of the prohibition against double jeopardy.  He claimed that the Commonwealth had maliciously prosecuted him by adding these counts, and that prosecutors had withheld evidence of their misconduct in doing so.

---

[2] *See* 18 Pa.C.S. §§ 2502(c), 2713(a)(1), 3921(a), 3927(a), and 4910(1), respectively.

[3] *See* 18 Pa.C.S. § 903.

To prove his allegations of misconduct, malfeasance and perjury on the part of the Commonwealth, Tedesco subpoenaed the assistant district attorney who had prosecuted the case at trial, compelling the prosecutor to testify at an evidentiary hearing before the PCRA. The Commonwealth moved to quash the subpoena and the PCRA court granted that motion on December 8, 2021. **See** Commonwealth Motion to Quash, 12/8/2021, at 1-2. The evidentiary hearing was held on December 23, 2021, and Tedesco offered no evidence to the PCRA court showing how the testimony of the prosecutor could possibly advance a cogent post-conviction claim.[4]

On December 23, 2021, Tedesco appealed the order quashing the subpoena, and the appeal was perfected when the PCRA court entered a final order dismissing Tedesco's PCRA petition on January 10, 2022.[5] The PCRA court submitted a 1925(a) opinion giving the reasons why the order should be affirmed. **See** PCRA Court Opinion, 1/10/2022, at 1-7.

---

[4] On August 23, 2022, Tedesco moved this Court to remand the case to the PCRA court so that Tedesco may file a new 1925(b) statement raising additional appellate issues. The only stated ground for the motion is that the PCRA court did not afford Tedesco advance notice of a summary dismissal under Pa.R.Crim.P. 907. However, this Rule entitles a PCRA petitioner to advance notice of dismissal where an evidentiary hearing is not held. In this case, the PCRA court dismissed Tedesco's PCRA petition only after holding an evidentiary hearing on December 23, 2021. Thus, Tedesco's motion for a remand was denied.

[5] Under Pa.R.A.P. 905(a)(5), a notice of appeal filed in response to a determination prior to the issuance of an appealable order will be deemed filed on the date that the final order is subsequently entered.

Tedesco now raises a single issue in his *pro se* amended brief – whether the trial court abused its discretion in quashing his subpoena to have an assistant district attorney testify at the evidentiary hearing held on December 23, 2021. **See** Appellant's Brief at 4. According to Tedesco, the testimony of this witness was critical for the development of evidence proving that his convictions resulted from an illegal amendment of the conspiracy charges in the underlying criminal case.

At the outset, we note that a trial court may decline to enforce a subpoena at its discretion. **See Commonwealth v. McFalls**, 251 A.3d 1286 (Pa. Super. 2021); **Commonwealth v. Mucci**, 143 A.3d 399, 411-12 (Pa. Super. 2016); **see also Berkeyheiser v. A-Plus Investigations, Inc.**, 936 A.2d 1117, 1125 (Pa. Super. 2007) ("Generally, on review of an order concerning discovery, an appellate court applies an abuse of discretion standard."). A trial court will not be found to have abused its discretion unless the record establishes that the decision was "manifestly unreasonable or the result of partiality, prejudice, bias or ill will." **Commonwealth v. Woodard**, 129 A.3d 480, 494 (Pa. 2015).

In light of the undisputed record facts, we find that the PCRA court acted within its discretion in quashing the subpoena. First, the testimony of the prosecutor would not have been relevant at the evidentiary hearing. The gist of Tedesco's claim seems to be that the Commonwealth had overcharged him with multiple conspiracy counts that were not included in the initial charging

document and not supported by the evidence relayed to the magisterial district judge at the preliminary hearing.

However, this same issue was previously and fully litigated in Tedesco's direct appeal. *See Commonwealth v. Tedesco*, 787 EDA 2016, at **1-2 (Pa. Super. February 13, 2017) (unpublished memorandum); *Commonwealth v. Tedesco*, 168 A.3d 326 (Pa. 2017) (denying allocatur). The PCRA provides that a petitioner may only be eligible for relief on post-conviction claims that have not already been previously litigated on the merits in the highest appellate court in which review could be obtained as a matter of right. *See* 42 Pa.C.S. § 9543(a)(3).

Tedesco's purpose in having the prosecutor testify at the evidentiary hearing was to advance a claim that had already been fully litigated. The PCRA court, therefore, quashed a subpoena as to a witness whose testimony would not have been germane to a PCRA claim which could have afforded Tedesco relief. Thus, the PCRA court clearly acted within its discretion in quashing the subpoena, and the order on review must stand.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 9/8/2022*

- 5 -